IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA-KEBBIA WILSON, | CASE NO. CV F 09-0887 LJO SMS |
| Plaintiff, | **ORDER ON DEFENDANT'S MOTIONS IN LIMINE**<br>(Doc. 72.) |
| vs. | |
| CITY OF FRESNO, | |
| Defendant. | |

This Court conducted a March 20, 2012 hearing on each motion in limine ("ML") of defendant City of Fresno ("City"). Plaintiff La-Kebbia Wilson ("plaintiff") appeared by counsel Rayma Church. The City appeared by counsel Joseph Rubin. For the reasons stated on the record, this Court:

1. GRANTS ML No. 1 to require the parties to give 24-hour advance notice of witnesses to be called;

2. GRANTS ML No. 2 to exclude evidence of plaintiff's good character, unless her character for honesty and veracity is attacked;

3. GRANTS ML No. 3 to preclude evidence as to the City's insurance;

4. GRANTS ML No. 4 to instruct the jury to ignore potential publicity as to this action;

5. GRANTS ML No. 5 to preclude evidence as to other employment lawsuits, claims or grievances against the City on the condition that the City refrains to offer evidence of an absence of lawsuits, claims or grievances by other employees;

6. GRANTS ML No. 6 to exclude evidence that the City violated 42 U.S.C. §§ 1981 or 1983 or is liable for discrimination;

7. GRANTS ML No. 7 to exclude evidence as to plaintiff's December 22, 2010 evaluation

|   |     |   |
|---|-----|---|
| 1 |     | but DENIES ML No. 7 as to plaintiff's vehicle assignments; |
| 2 | 8.  | DENIES ML No. 8 to the extent that the City's actions or inactions evidence retaliation even though individual actions or inactions are not adverse employment action; |
| 4 | 9.  | GRANTS ML No. 9 to preclude opinions as to discrimination, retaliation and harassment but witnesses may testify as to their observations and counsel may argue that evidence reflects retaliation; |
| 7 | 10. | GRANTS ML No. 10 to preclude evidence or argument that the jury should base plaintiff's damages on what the jury would accept to endure similar treatment; |
| 9 | 11. | GRANTS ML No. 11 to preclude evidence or argument as to plaintiff's economic damages; |
| 11 | 12. | GRANTS ML No. 12 to preclude evidence of retaliation and damages arising prior to July 18, 2007 except to the extent that such evidence is placed in context of plaintiff's permissible claims.  Upon request, this Court will issue an appropriate limiting instruction; |
| 15 | 13. | GRANTS ML No. 13 to preclude evidence of plaintiff's high blood pressure, complicated pregnancy and related medical conditions except that such evidence may be used for rebuttal to the extent that the defense opens the door to such issues; |
| 18 | 14. | GRANTS ML No. 14 to exclude evidence of settlement offers and discussions; |
| 19 | 15. | GRANTS ML No. 15 to preclude Rachel Wilson's testimony entirely and to preclude Denard Fobbs' testimony, except to the extent Denard Fobbs' testimony serves was rebuttal evidence; |
| 22 | 16. | GRANTS ML No. 16 to preclude evidence or argument as to: |
| 23 | a.  | Plaintiff being the only African-American in Code Enforcement; |
| 24 | b.  | Other employees missing meetings and not being disciplined; |
| 25 | c.  | Statements attributed to Alex Correa; |
| 26 | d.  | Statements attributed to other employees as to plaintiff's emotional status and discipline; |
| 28 | e.  | Stray remarks of non-decision makers and/or racial remarks plaintiff heard from |

                others;

        f.      Opinions as to differences in counseling sessions or discipline; and

        g.      Nazi salute from a coworker to coworker;

17.    GRANTS ML No. 17 to preclude plaintiff's testimony that she was better qualified than other applicants for promotions;

18.    GRANTS ML No. 18 to preclude evidence as to testing procedure for promotion to senior neighborhood standards specialist; and

19.    GRANTS ML No. 19 to require plaintiff's counsel to provide defense counsel outside the jury's presence an offer of proof as to similarity prior to attempting to introduce comparative evidence.

IT IS SO ORDERED.

**Dated:**   **March 20, 2012**                   /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE